UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTIAN VARNER,

      Plaintiff,
vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendant.
_____)

**COMPLAINT**

The Plaintiff, Christian Varner ("VARNER"), by and through the undersigned counsel, hereby sues Hartford Life and Accident Insurance Company ("HARTFORD") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. VARNER was at all times relevant a plan participant under the Central Processing Corp. ("Central Processing"). Long Term Disability Policy, Group No.: GLT-677402 ("LTD" Plan).

3. Defendant, HARTFORD, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in, and may be found in the Southern District of Florida and in Broward County. HARTFORD is the insurer of benefits under the Central Processing LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The HARTFORD LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Central Processing under which VARNER was a participant, and pursuant to which VARNER is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, VARNER is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as VARNER remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. VARNER incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, VARNER was a plan participant or former plan participant under the terms and conditions of the LTD Plan.

8. During the course of VARNER's employment, VARNER became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while VARNER was covered under the LTD Plan, VARNER suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, VARNER made a claim to HARTFORD for benefits under the LTD Plan with an effective date of entitlement to disability benefits of March 28, 2014.

10. As it relates to VARNER's claim, the LTD Plan defines Disability or Disabled to mean You are prevented from performing one or more of the Essential Duties of . . . . (3) Any Occupation.

11. Any Occupation is defined to mean any occupation for which You are qualified be education, training, or experience, and that has an earnings potential greater than the lesser of (1) the product of Your Indexed Pre-Disability Earnings and the Initial Benefit Period Percentage; or (2) the Maximum Monthly Benefit.

12. HARTFORD initially approved VARNER's claim for benefits with an effective date of benefits of March 13, 2014, and continued to pay benefits through the remainder of the 24 month "Own Occupation" period.

13. On March 15, 2016, HARTFORD sent VARNER to an Independent Medical Examination ("IME").

14. The IME indicated that VARNER had the functional ability to perform sedentary and light duty demands on a full time basis.

15. HARTFORD then had VARNER's file reviewed by a Vocational Rehabilitation Clinical Case Manager, who found alternate occupations VARNER would be able to perform based on his training, education, experience and physical restrictions and limitations.

16. On March 29, 2016, HARTFORD notified VARNER that it was terminating his claim beyond March 28, 2016, as it had determined that he was not disabled under the "Any Occupation" standard of disability. March 28, 2016, when HARTFORD notified VARNER that it was determined he was no longer determined to be Disabled under the policy as it related to his Own Occupation.

17. VARNER properly appealed HARTFORD's adverse determination on September 20, 2016.

18. As part of his appeal VARNER provided a functional capacity evaluation (FCE), which indicated that he did not have the physical requisite ability to work on a full time basis.

19. VARNER argued that the IME did not conduct a full functional exam, but rather a general examination and as such the findings of the IME were based on subjective opinion as opposed to the objective findings of the FCE.

20. HARTFORD subsequently upheld its denial of VARNER's claim on appeal as evidenced by HARTFORD's October 28, 2016, letter.

21. VARNER has exhausted all administrative remedies.

22. HARTFORD breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to VARNER at a time when HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those

4

benefits under the terms of the LTD Plan, as VARNER was disabled and unable to work and therefore entitled to benefits.

    b. After VARNER's claim was denied in whole or in part, HARTFORD failed to adequately describe to VARNER any additional material or information necessary for VARNER to perfect him claim along with an explanation of why such material is or was necessary.

    c. HARTFORD failed to properly and adequately investigate the merits of VARNER's disability claim and failed to provide a full and fair review of VARNER's claim.

23. VARNER believes and alleges that HARTFORD wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which VARNER is presently unaware, but which may be discovered in this future litigation and which VARNER will immediately make HARTFORD aware of once said acts or omissions are discovered by VARNER.

24. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the LTD Plan, VARNER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

25. As a further direct and proximate result of this improper determination regarding VARNER's claims for benefits, VARNER, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), VARNER is entitled to have such fees and costs paid by HARTFORD.

26. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, VARNER is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Christian Varner prays for relief against the Hartford Life and Accident Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 23, 2017

>ATTORNEYS DELL AND SCHAEFER, CHARTERED
>Attorneys for Plaintiff
>2404 Hollywood Boulevard
>Hollywood, FL 33020
>(954) 620-8300
>
>  /s/ *Stephen F. Jessup*
>STEPHEN F. JESSUP, ESQUIRE
>Florida Bar No.: 0026264
>Email: stephen@diattorney.com